# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: T.S.

No. 17-0514 (Raleigh County 15-JA-150-H)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father W.S., by counsel R. Stephen Davis, appeals the Circuit Court of Raleigh County's May 8, 2017, order terminating his parental, custodial, and guardianship rights to T.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Stanley I. Selden, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in considering his incarceration when terminating his parental, custodial, and guardianship rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2015, the DHHR filed an abuse and neglect petition against petitioner and the mother. The DHHR alleged that aggravated circumstances existed as to the mother due to the involuntary termination of her parental rights to five older children. The DHHR also alleged that petitioner was incarcerated. According to the DHHR and petitioner's later admissions, petitioner was incarcerated prior to the child's birth.

Thereafter, following continuances to establish paternity, the circuit court held an adjudicatory hearing. Petitioner initially agreed to stipulate to the allegations of abuse and neglect contained in the petition. However, petitioner later withdrew his stipulation after expressing concerns that any admission of abuse and/or neglect would prevent him from being granted parole. Following the presentation of evidence, the circuit court adjudicated petitioner as an abusing parent based on abandonment.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In May of 2017, the circuit court held a dispositional hearing. The circuit court took notice of petitioner's sentence of a term of incarceration of not less than one nor more than fifteen years after pleading guilty to Delivery of a Schedule II Narcotic in May of 2015. The circuit court considered the reasoning behind the denial of petitioner's request for probation, which included the facts that petitioner was behind on his child support payments, had previously been convicted of domestic battery, had a suspended driver's license due to failure to pay fines, had little job history, and had a history of drug abuse. Additionally, the circuit court noted that petitioner should have been eligible for parole after one year, but was not granted parole for two years, just days before the dispositional hearing. As such, petitioner had been incarcerated for the entirety of the child's life and the circuit court found that no bond had been established. Finally, the circuit court found that petitioner did not provide any assistance to the child, nor did he engage in any conduct to enhance his ability to parent the child. Therefore, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected and that termination was necessary for the children's welfare. Ultimately, the circuit court denied petitioner's motion for a post-adjudicatory improvement period and terminated his parental, custodial, and guardianship rights.[2] It is from this May 8, 2017, dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues on appeal that the circuit court erred in considering his incarceration when terminating his parental, custodial, and guardianship rights. We disagree. With regard to incarceration, we have explained that incarceration may support the termination of parental rights based on the analysis of a series of factors. *See Cecil T.*, 228 W.Va. at 97, 717 S.E.2d at 881 (holding that "[a]lthough we have not adopted a *per se* rule regarding the impact

---

[2]In addition, the circuit court terminated the mother's parental, custodial, and guardianship rights to the child. According to the parties, T.S. was placed in the home of a relative who previously adopted T.S.'s older half-sibling. The permanency plan is for T.S. to be adopted in that home.

incarceration has on a termination of parental rights decision, we have likewise not said that the facts surrounding a parent's incarceration may never form the basis for terminating parental rights."). Further, we have held that

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

*Id.* at 91, 717 S.E.2d at 875, Syl. Pt. 3.

In the present case, petitioner asserts that the circuit court erroneously considered his incarceration as a basis for termination when he did not know about the child upon his incarceration and had no way to provide for the child. We find no merit in petitioner's argument. The record is clear that the circuit court considered factors other than petitioner's incarceration when terminating his parental, custodial, and guardianship rights, including his history of drug abuse, his limited work history, his suspended driver's license, and the fact that petitioner had no bond with the child. In fact, petitioner admits in his brief on appeal that the circuit court considered other factors when terminating his parental, custodial, and guardianship rights. Accordingly, we find no error in the circuit court's consideration of petitioner's incarceration.

Further, we find no error in the circuit court's termination of petitioner's parental, custodial, and guardianship rights upon findings that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected and that termination was necessary for the child's welfare. While petitioner argues that his release from incarceration corrected the conditions of abuse and/or neglect, the record shows that his incarceration was not the only issue to be corrected. The circuit court found that petitioner initially denied paternity, failed to care for or protect the child, and had no bond with the child. Further, petitioner made no effort to arrange for support of the child, nor did he present any evidence that he undertook steps to request help or engage in programs to enhance his ability to parent the child. Finally, petitioner failed to admit any wrongdoing and refused to acknowledge the problems that needed corrected. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable . . . .

3

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). As such, the record is clear that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected.

Additionally, the child requires stability and permanency. He has been in the custody of his relative since his birth, while these proceedings have stretched on over two years for various reasons, prohibiting permanency for the child. Thus, as the circuit court also found, termination of petitioner's parental, custodial, and guardianship rights was necessary for the child's well-being. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 8, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker